## JOHN DALY
vs.
## AUTO RENTAL COMPANY

Superior Court       New Haven County       #File 44521

Present:   Hon. EDWIN C. DICKENSON, Judge.

Sidney Vogel,                Attorney for the Plaintiff.

George J. Grady,                Attorney for the Defendant.

MEMORANDUM FILED NOVEMBER 4, 1935.

DICKENSON, J. That a non-resident may go behind a foreign judgment to show lack of service seems well established. It was said by Chief Justice Baldwin in **Fisher, Brown & Company vs. Fielding, 67 Conn., 91 at 103** that "personal service within the jurisdiction and a fair opportunity to be heard—so much is due to every person from whom another seeks to recover in a judicial controversy before a court of justice."

The defendant, then, could raise the question of service in the absence of an appearance by him.

But admittedly he received a copy of the complaint and gave it to a local attorney. What the latter did with it is not explained but in any event appearance was made by a New York attorney. It would seem that to refuse to honor the judgment the Court must at least have proof, not only that the defendant did not authorize any attorney to appear for him but also that the attorney to whom he gave the writ had no authority to have appearance made for him in the state of New York. It was apparently within his power to obtain such evidence if it existed and the inference is that it did not. **Baker vs. Paradiso, 117 Conn. at 545- 546.**

This is not an equitable action asking for relief against execution because of a judgment secured by fraud. It purports to be a defense against the judgment itself. The defense is not sufficient to overcome the rights of the plaintiff under the Full Faith and credit provision of the Federal Constitution **(Article IV, Sec. 1).** **Converse Receiver vs. Aetna Bank, 79 Conn., 163-177.**

Judgment is directed for the plaintiff to recover $5,636.77.